■ CHARLES R. GODDARD et al., Respondents, v. ISHIKAWAJIMA-HARIMA HEAVY INDUSTRIES Co., LTD., Appellant.— Order, entered June 22, 1967, unanimously modified, on the law, to grant the motion of defendant for summary judgment and to strike the provisions for the taking of the deposition of defendant, the complaint of plaintiffs dismissed with taxable costs, and order otherwise affirmed, with $50 costs and disbursements to the defendant-appellant. It appears as a matter of law that the plaintiffs do not have a cause of action to recover for the breach of the alleged exclusive distributorship agreement for sale by plaintiffs in the United States, east of the Rocky Mountains, of boats manufactured by defendant. The written agreement between the parties provided for the manufacture and delivery by defendant of small boats and cruisers of particular types and sizes as ordered by plaintiffs. The defendant agreed that it would, "as far as it is able", furnish plaintiffs with such quantities of its boats as plaintiffs may require and order. On January 28, 1965, the plaintiffs duly transmitted to the defendant a written order for a number of boats, including several of the types and sizes specified in the agreement. But the defendant's factory, where the boats were to be manufactured, was completely destroyed by fire on February 17, 1965. As a result, it became impossible for the defendant to perform its obligation under the agreement by filling plaintiffs' order within the time contemplated by the parties. The destruction of defendant's factory excused such performance on its part insofar as the January, 1965 order was concerned. (See Restatement, Contracts, § 460; 105 U. Pa. L. Rev. 880–906; *Stewart* v. *Stone*, 127 N. Y. 500; *International Paper Co.* v. *Rockefeller*, 161 App. Div. 180.) In any event, the parties considered the January, 1965 order as abandoned and plaintiffs returned to their customers the deposits received on orders underlying this January, 1965 order placed with defendant. There is no proper evidentiary showing by plaintiffs to support their contention that this particular order was effectively continued or reinstated so as to obligate the defendant to manufacture and deliver the particular boats following the rebuilding of its factory. (Cf. Uniform Commercial Code, §§ 2-615, 2-616.) The plaintiffs do not establish a case by evidence of the alleged verbal orders for boats (indefinite as to quantities and types) following reconstruction of defendant's factory in August, 1965, or by the alleged oral statements and very general promises of the defendant's representatives that it would deliver boats. The obligation of the defendant under the agreement of the parties was to deliver boats of specified types and sizes when specifically ordered by plaintiffs and upon their making proper credit arrangements. The plaintiffs have failed to show either that defendant has breached any obligation assumed by it under the agreement or that it has repudiated the agreement. Concur — Eager, J. P., Capozzoli, Tilzer, Rabin and Bastow, JJ.